UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:01-CR-1-BO

| | |
|---|---|
| JEFFREY LYNN MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion for correction of error pursuant to FED. R. CRIM. P. 36 [DE 91] and petitioner's motion to hold in abeyance [DE 98]. For the following reasons, the Court construes petitioner's motion as one under 28 U.S.C. § 2255 and DISSMISSES the motion for correction of error. Petitioner's motion to hold in abeyance is DENIED AS MOOT.

## BACKGROUND

On March 12, 2001, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute and distribute at least 5 grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 28]. On July 31, 2001, the Court sentenced petitioner to 235 months' imprisonment. [DE 33]. Petitioner did not file a direct appeal. On November 27, 2002, the court dismissed petitioner's motion under 28 U.S.C. § 2255. [DE 43]. Petitioner unsuccessfully appealed the Court's dismissal of his § 2255 motion. [DE 46]. On or about January 24, 2013, petitioner filed the instant motion. [DE 91]. Petitioner argues that an error in his presentence investigation report ("PSR") over-calculated his drug quantity for sentencing guideline purposes. On August 15,

2013, petitioner filed a motion to hold in abeyance his motion pursuant to 18 U.S.C. § 3582 [DE 90]. [DE 98].

## DISCUSSION

The relief that is requested in petitioner's motion is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the Court re-characterizes it as a § 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactoive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255(h)(1)–(2). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attackes the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition and this Court is without jurisdiction to consider it in the absence of a pre-filing authorization from the court of appeals. Further, Mr. Morgan is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Cooley*, 332 F. App'x 886, 887 (4th Cir. 2009) (unpublished). As petitioner's motion has been ruled on, his motion to hold in abeyance is denied as moot.

2

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

Because Mr. Morgan's motion is construed as a second or successive petition pursuant to § 2255, the requested relief cannot be granted and the motion must be DISSMISSED. Petitioner's motion to hold in abeyance is DENIED AS MOOT. The petitioner is DENIED a certificate of appealability.

SO ORDERED,

this __3__ day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3