UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:01-CR-1-BO

| | |
|---|---|
| JEFFREY LYNN MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion for reconsideration [DE 102] of the Court's order dismissing petitioner's motion for correction of error pursuant to FED. R. CRIM. P. 36 [DE 91].

## BACKGROUND

On March 12, 2001, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute and distribute at least 5 grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 28]. On July 31, 2001, the Court sentenced petitioner to 235 months' imprisonment. [DE 33]. Petitioner did not file a direct appeal. On November 27, 2002, the court dismissed petitioner's motion under 28 U.S.C. § 2255. [DE 43]. Petitioner unsuccessfully appealed the Court's dismissal of his § 2255 motion. [DE 46]. On or about January 24, 2013, petitioner filed a motion for correction of error arguing that an error in his presentence investigation report ("PSR") over-calculated his drug quantity for sentencing guideline purposes.

By order entered June 3, 2014, the Court reconstrued petitioner's motion pursuant to Rule 36 as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because

petitioner had previously filed a § 2255 motion that had been dismissed on the merits, petitioner's second § 2255 was deemed successive and dismissed for lack of jurisdiction. Petitioner has noticed an appeal of the Court's 3 June 2014 order.

## DISCUSSION

In his motion to reconsider, petitioner contends that his Rule 36 motion did not in fact attack his sentence, and where petitioner did seek a change in his sentence, he sought one only to correct a grave miscarriage of justice and not pursuant to § 2255. Because petitioner has filed his motion to reconsider within twenty-eight days of the date of entry of judgment, the Court considers it under Rule 59(e) of the Federal Rules of Civil Procedure.

The decision to alter or amend a judgment is committed to the discretion of the district court, and the Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

Petitioner has presented the Court with no basis upon which it could reconsider its prior order. Indeed, petitioner confirms in the instant motion that, at bottom, he seeks to have his sentence corrected or modified. Such relief is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and absent prefiling authorization the Court is without jurisdiction to consider petitioner's motion.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is

entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

Petitioner's motion to reconsider [DE 102] is DENIED, and petitioner is DENIED a certificate of appealability.

SO ORDERED,

this __/__ day of July 2014.

                                             TERRENCE W. BOYLE
                                             UNITED STATES DISTRICT JUDGE